435 So.2d 942 (1983)
J.G.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-142.
District Court of Appeal of Florida, Second District.
August 3, 1983.
*943 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, a juvenile, appeals a delinquency order committing him to the custody of the Department of Health and Rehabilitative Services. We reverse and remand.
The basis for the petition alleging delinquency is that appellant committed burglary. At the arraignment hearing, appellant appeared without counsel. The court informed appellant of the burglary charge, which he admitted. The court then asked appellant if he felt he needed an attorney, to which appellant replied "No." The court further added, "If you don't understand all this, I'll appoint a lawyer to help you. Do you feel that you would like an attorney?" to which appellant responded "Yes sir, I understand."
At the disposition hearing, appellant again appeared without counsel. The court made no offer of counsel, nor advised appellant of his right to counsel.
The first point raised on appeal is whether the trial court erred in accepting a plea and sentencing appellant who was not represented by counsel.
The United States Supreme Court has held that juveniles are entitled to assistance of counsel in delinquency proceedings. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
The state legislature has provided that where a child appears without an attorney, he shall be advised of his rights to court-appointed counsel. Sec. 39.071(1), Fla. Stat. (1981). The Florida Rules of Juvenile Procedure also impose a duty on the court to advise a child of his right to counsel and appoint counsel if the child is insolvent. Fla.R.Juv.P. 8.290(c). Furthermore, Florida Rule of Juvenile Procedure 8.290(d)(5) states:
If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
To establish that a person has knowingly and voluntarily waived his right to counsel, the state must prove "an intentional relinquishment or abandonment of a known right or privilege." Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424, 439 (1977).
Appellant was not properly advised of his right to counsel and did not waive his right to counsel at the arraignment hearing nor at the disposition hearing. The right-to-counsel colloquies at the arraignment and disposition hearings did not demonstrate that appellant knew what his rights were; therefore, he could not have voluntarily relinquished a known right. The inadequate offer of counsel constituted reversible error. R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981).
The second point raised is without merit.
REVERSED and REMANDED for new arraignment and disposition hearings.
HOBSON, A.C.J., and RYDER, J., concur.